UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILLIAM VASQUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH TORRES, Shield No. 17825, Individually and in his Official Capacity and P.O. EDWARD HERNANDEZ, Individually and in his Official Capacity,

Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff WILLIAM VASQUEZ, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff WILLIAM VASQUEZ is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. JOSEPH TORRES, P.O. EDWARD HERNANDEZ and P.O.'s "JOHN DOE" #1-10 (together with defendant THE CITY OF NEW YORK, hereinafter the "NYPD" defendants) were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about October 13, 2012, at approximately 6:25 p.m., plaintiff WILLIAM VASQUEZ was lawfully in the vicinity of Unionport Avenue, Bronx New York,

14. At the aforesaid time and place, plaintiff WILLIAM VASQUEZ, a man with cerebral palsy, who is visibly disabled, was suddenly approached by defendant officers with guns drawn.

15. The officers immediately searched plaintiff and found his prescription medication for his cerebral palsy in the prescription bottles with his own name, WILLIAM VASQUEZ, on the label.

16. Despite the fact that there was no evidence of criminal activity, defendants immediately placed plaintiff under arrest, handcuffing his arms tightly behind his back even though he repeatedly asked the officers not to rear handcuff him because of his disability.

17. Instead of assisting plaintiff, defendant officers watched plaintiff fall numerous times until they threw him into the police van.

18. Plaintiff was brought to a nearby precinct and fell again exiting the van.

19. Plaintiff repeatedly asked for medical attention and was denied.

20. Plaintiff was subjected to an invasive strip search and charged with Criminal Sale of a Controlled Substance and Criminal Possession of a Controlled Substance.

21. At no time on October 13, 2012, did plaintiff WILLIAM VASQUEZ behave unlawfully in any way.

22. At no time on or about October 13, 2012, did defendants possess probable cause to arrest plaintiff.

23. At no time on October 13, 2012, did defendant officers possess information that would lead a reasonable officer to believe plaintiff WILLIAM VASQUEZ had engaged in any criminal or unlawful activity whatsoever.

24. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

25. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

26. Specifically, defendants falsely alleged that plaintiff handed separately apprehended defendant, Michael Consales, a small object in exchange for United States Currency and that plaintiff possessed crack cocaine. **(Copy of Affidavit of Michael Consales is annexed hereto as Exhibit "A").**

27. While in police custody, plaintiff fell multiple times aggravating his Cerebal Palsy symptoms and causing him extreme pain all over his body.

28. As a result of his unlawful arrest, plaintiff WILLIAM VASQUEZ spent approximately twenty-four (24) hours in police custody and approximately one (1) month

making numerous court appearances before the charges against him were dismissed on November 19, 2012.

29. As a result of the foregoing, plaintiff WILLIAM VASQUEZ sustained, *inter alia*, physical injury, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff WILLIAM VASQUEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The defendants and misrepresented and falsified evidence before the Bronx County District Attorney.

41. The defendants and did not make a complete and full statement of facts to the District Attorney.

42. The defendants withheld exculpatory evidence from the District Attorney.

43. The defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff WILLIAM VASQUEZ.

44. The defendants lacked probable cause to initiate criminal proceedings against plaintiff WILLIAM VASQUEZ.

45. The defendants acted with malice in initiating criminal proceedings against plaintiff WILLIAM VASQUEZ.

46. The defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff WILLIAM VASQUEZ.

47. The defendants lacked probable cause to continue criminal proceedings against plaintiff WILLIAM VASQUEZ.

48. The defendants acted with malice in continuing criminal proceedings against plaintiff WILLIAM VASQUEZ.

49. The defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Specifically, defendants falsely alleged that plaintiff handed separately apprehended defendant, Michael Consales, a small object in exchange for United States Currency and that plaintiff possessed crack cocaine. **(Copy of Affidavit of Michael Consales is annexed hereto as Exhibit "A").**

51. Notwithstanding the perjurious and fraudulent conduct of the defendants and the criminal proceedings were terminated in plaintiff WILLIAM VASQUEZ's favor on or about November 19, 2012, when the charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54. The defendants created false evidence against plaintiff WILLIAM VASQUEZ.

55. Specifically, defendants falsely alleged that plaintiff handed separately apprehended defendant, Michael Consales, a small object in exchange for United States Currency and that plaintiff possessed crack cocaine. **(Copy of Affidavit of Michael Consales is annexed hereto as Exhibit "A").**

56. The NYPD defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

57. The defendants misled the prosecutors by creating false evidence against plaintiff WILLIAM VASQUEZ and thereafter providing false testimony throughout the criminal proceedings.

58. In creating false evidence against plaintiff WILLIAM VASQUEZ, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, the defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FIFTH CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S**
**MEDICAL NEEDS UNDER 42 U.S.C. § 1983**

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The defendants knew that plaintiff WILLIAM VASQUEZ had cerebral palsy and that he fell numerous times.

62. Notwithstanding this knowledge, the defendants did not handcuff plaintiff with his arms in the front and they did not take him to the hospital after he fell and they did not take him to the hospital when he requested medical attention multiple times.

63. In so doing, the defendants exhibited a deliberate indifference to the health, safety, welfare and medical needs of plaintiff, in violation of plaintiff's constitutional rights as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

64. As a result of defendants' deliberate indifference to the medical needs of plaintiff, plaintiff suffered physical injuries.

**SIXTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

67. As a result of the foregoing, plaintiff WILLIAM VASQUEZ sustained, inter alia, severe bodily.

**SEVENTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendant THE CITY OF NEW YORK and the NYPD defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

i. exhibiting a deliberate indifference to verifying whether or not individuals are in fact trespassing;

ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff WILLIAM VASQUEZ's constitutional rights.

76. The acts complained of deprived plaintiff of his rights:

a) Not to be deprived of liberty without due process of law;

b) To be free from seizure and arrest not based upon probable cause;

c) Not to have summary punishment imposed upon him; and

d) To receive equal protection under the law.

**PENDENT STATE CLAIMS**

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. On or about November 7, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

79. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing was held on October 7, 2013.

81. This action was commenced on November 19, 2013, within one (1) year and ninety (90) days after the cause of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**EIGHTH CLAIM FOR RELIEF**
**FALSE ARREST**

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as is fully set forth herein.

85. Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

86. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

**NINTH CLAIM FOR RELIEF**
**ASSAULT**

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

88. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

89. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**TENTH CLAIM FOR RELIEF**
**BATTERY**

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendant police officers touched plaintiff in a harmful and offensive manner.

92. Defendant police officers did so without privilege or consent from plaintiff.

93. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**ELEVENTH CLAIM FOR RELIEF**
**FALSE IMPRISONMENT**

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to handcuffing, and other physical restraints.

96. Plaintiff was conscious of said confinement and did not consent to same.

97. The confinement of plaintiff was without probable cause and was not otherwise privileged.

98. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**TWELFTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

102. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

103. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

104. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**THIRTEENTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

106. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department and the Department of Corrections, including the defendants individually named above.

107. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

108. Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

109. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**FOURTEENTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION**

110. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. The defendants and misrepresented and falsified evidence before the Bronx County District Attorney.

112. The defendants and did not make a complete and full statement of facts to the District Attorney.

113. The defendants withheld exculpatory evidence from the District Attorney.

114. The defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff WILLIAM VASQUEZ.

115. The defendants lacked probable cause to initiate criminal proceedings against plaintiff WILLIAM VASQUEZ.

116. The defendants acted with malice in initiating criminal proceedings against plaintiff WILLIAM VASQUEZ.

117. The defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff WILLIAM VASQUEZ.

118. The defendants lacked probable cause to continue criminal proceedings against plaintiff WILLIAM VASQUEZ.

119. The defendants acted with malice in continuing criminal proceedings against plaintiff WILLIAM VASQUEZ.

120. The defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

121. Specifically, defendants falsely alleged that plaintiff handed separately apprehended defendant, Michael Consales, a small object in exchange for United States Currency and that plaintiff possessed crack cocaine. **(Copy of Affidavit of Michael Consales is annexed hereto as Exhibit "A").**

122. Notwithstanding the perjurious and fraudulent conduct of the defendants and the criminal proceedings were terminated in plaintiff WILLIAM VASQUEZ's favor on or about November 19, 2012, when the charges against him were dismissed.

123. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
November 19, 2013

BY:________________

GERALD COHEN/JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohpenfitch.com
jfitch@cohenfitch.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------x

WILLIAM VASQUEZ,

Plaintiff,

**AFFIDAVIT OF MICHAEL CONSALES**

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

-----------------------------------------------------------------------x

I, MICHAEL CONSALES., currently residing at 1541 Metropolitan Avenue, Bronx, New York being duly sworn, states as follows under penalties of perjury:

1. I am a witness to the arrest of William Vasquez which took place on October 13, 2012.

2. At no time on October 13, 2012 did William Vasquez hand me a small object in exchange for a sum of United States Currency.

3. At no time on October 13, 2012 did William Vasquez hand me any amount of crack cocaine or any other controlled substance.

4. At no time William Vasquez ever sold or given me any amount of crack cocaine or any other controlled substance.

DATED: New York, New York
11-24, 2012

MICHAEL CONSALES

Sworn to before me on this ____ day of 11-24, 2012

AMANDA BETH ROSTOWSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6258623
Qualified In New York County
My Commission Expires 2016

INDEX NO. YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM VASQUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH TORRES, Shield No. 17825, Individually and in his Official Capacity and P.O. EDWARD HERNANDEZ, Individually and in his Official Capacity,

Defendants.

---

## SUMMONS AND COMPLAINT

---

**COHEN & FITCH LLP**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

---

Signature (Rule 130-1.1a)

______________________________

Print Name Beneath

To
Attorney(s) for Defendants

---

Service of a copy of the within is hereby admitted. Dated

Attorney(s) for ______________________________

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 20

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy
will be presented for settlement to the HON. one of the judges of the
within named Court, at
on 20 at

Dated, Yours, etc.